UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEJANDRO VIVAR, individually and on
behalf of all others similarly situated,

                              Plaintiffs,

            - against -

APPLE INC.,

                              Defendant.

---

**22 Civ. 0347 (VM)**

<u>**DECISION AND ORDER**</u>

**VICTOR MARRERO, United States District Judge.**

Plaintiff Alejandro Vivar ("Vivar"), on behalf of himself and all others similarly situated, (together with Vivar, "Plaintiffs") brings this action against Apple Inc. ("Apple"), alleging that Apple's representations about the battery-life of one of its products, Powerbeats Pro wireless headphones ("Powerbeats" or the "Product"), are materially misleading. (See "Complaint" or "Compl.," Dkt. No. 1.) Vivar asserts ten causes of action on behalf of Plaintiffs: (1) violation of the New York General Business Law ("NY GBL") Section 349; (2) violation of NY GBL Section 350; (3) violation of the consumer fraud acts of the states in which the remaining Plaintiffs reside; (4) breach of contract; (5) breach of express warranty; (6) breach of implied warranty of merchantability; (7) violation of the Magnuson Moss Warranty

Act, 15 U.S.C. Sections 2301, *et seq.*; (8) negligent misrepresentation; (9) fraud; and (10) unjust enrichment.

Now before the Court is Apple's motion to dismiss the Complaint in its entirety pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] (See "Motion," Dkt. No. 14.) For the reasons stated below, Apple's Motion is DENIED in part and GRANTED in part.

## I. BACKGROUND

A. FACTUAL BACKGROUND[2]

Vivar is a citizen of New York who purchased Powerbeats in New York between January 2021 and July 2021. Apple is a corporation incorporated and headquartered in California. Apple markets Powerbeats as having a battery life of "up to 9 hours of listening time" and "24 hours with the Powerbeats charging case." (Compl. ¶ 5.) The Complaint includes an image of this marketing, copied below. (See id.)

---

[1] Apple also moved to dismiss Vivar's claim for injunctive relief pursuant to Rule 12(b)(1). On August 11, 2022, Vivar withdrew this claim. (See Dkt. No. 18 at 5 n.1 ("Plaintiff withdraws his claim for injunctive relief.")).

[2] The factual recitation set forth below, except as otherwise noted, derives from the Complaint and the facts pleaded therein, which the Court accepts as true for the purposes of ruling on a motion to dismiss. See Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 180 (2d Cir. 2008) (citing GICC Capital Corp. v. Tech Fin. Grp., Inc., 282 F.3d 147, 152 (2d Cir. 2002)). Except when specifically quoted, no further citation will be made to the Complaint or the documents referred to therein.



Vivar contends that Apple has also made written representations and promises that the Product would be "defect-free" and would "maintain its charge equally and consistently." (Id. ¶¶ 92-93.) The Complaint does not incorporate any evidence to support these representations.

Despite Apple's statements, one of the earbuds "will not consistently charge or will quickly dissipate its charge" due to a speculated design defect with the charging case and corrosion from user perspiration. (Id. ¶¶ 7-8; 22-23.) Thus, Vivar argues, Apple has made false and misleading representations as to the Product.

Vivar purchased Powerbeats for no less than $150.00 on the belief that the earbuds would retain a charge for the time promised in Apple's marketing materials. He would not have purchased the product, or would not have paid as much,

but for Apple's representations as to Powerbeats' battery life.

On January 13, 2022, Vivar filed the Complaint on behalf of himself, a putative class of persons from New York (the "New York Class"), and a putative class of persons from the states of Michigan, Montana, Rhode Island, Georgia, North Dakota, Virginia, South Dakota, and Oklahoma (the "Non-New York Class"), all of whom purchased Powerbeats "during the statute of limitations for each cause of action alleged." (Id. ¶ 64.)

Pursuant to the Court's Individual Practices, Apple notified Vivar by letter dated April 13, 2022 of its intention to move to dismiss the Complaint. (See Dkt. No. 11-1.) Vivar responded by letter dated April 20, 2022. (See Dkt. No. 11-2.) Unable to resolve the dispute through these letters, Apple moved the Court on April 29, 2022 for leave to file a motion to dismiss, (see Dkt. No. 11), and the Court directed the parties to submit briefing on the matter.[3] (See Dkt. No. 16.)

Apple filed its Motion and supporting papers (see "MOL," Dkt. No. 15) on August 4, 2022, and Vivar filed his opposition memorandum on August 11, 2022. (See "Opp.," Dkt. No. 18.)

---

[3] The Court granted full briefing, (see Dkt. No. 16), however, the parties consented to the Court deeming the parties' premotion letters (Dkt. No. 11), and the parties' limited briefing (see Dkt. Nos. 15, 18, 20), as a fully briefed motion, (see Dkt. No. 19).

Apple replied on August 18, 2022. (See "Reply," Dkt. No. 20.) In reaching this Decision and Order, the Court has considered each of these submissions, in addition to the parties' premotion letters. (See Dkt. No. 11).

B.   THE PARTIES' ARGUMENTS

Apple moves to dismiss the complaint on two grounds. First, it argues that Vivar has failed to state a claim for any of the ten alleged causes of action. (See Dkt. No. 11-1 at 1-4). And second, the Court lacks personal jurisdiction over the putative Non-New York Class members' claims because their claims do not arise out of or relate to Apple's contacts in those Class members' eight states of residency. (See MOL at 4-6.) Vivar responds that his allegations are sufficient to state a claim for relief, (see Dkt. No. 11-2 at 2-4), and the claims for the Non-New York Class members should proceed because at this stage personal jurisdiction over Apple is determined solely by Vivar's residency in New York. (See Opp'n at 6-9.)

## II.   DISCUSSION

A.   MOTION TO DISMISS UNDER RULE 12(b)(2)

1.   Legal Standard

Apple seeks dismissal of the putative Non-New York Class members' claims on the basis that the Court lacks personal jurisdiction pursuant to Rule 12(b)(2). Upon motion, the

Court must dismiss an action against any defendant over which it lacks personal jurisdiction. See Fed. R. Civ. P. 12(b)(2); see also Darby Trading Inc. v. Shell Int'l Trading & Shipping Co., 568 F. Supp. 2d 329, 335 (S.D.N.Y. 2008). "A court facing challenges as to both its jurisdiction over a party and the sufficiency of any claims raised must first address the jurisdictional question." Lugones v. Pete and Gerry's Organic, LLC, 440 F. Supp. 3d 226, 234 (S.D.N.Y. 2020) (quoting Cohen v. Facebook, Inc., 252 F. Supp. 3d 140, 148 (E.D.N.Y. 2017)).

To prevail on a Rule 12(b)(2) motion, a plaintiff "bears the burden of showing that the court has jurisdiction over the defendant." In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003) (per curiam). This showing requires "legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant." Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 34-35 (2d Cir. 2010) (quotations omitted). In other words, "the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001) (quoting Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999)).

Three requirements must be met for a court to exercise personal jurisdiction -- plaintiffs must show (1) proper service on the defendants, (2) that a statutory basis for personal jurisdiction exists, and (3) that the exercise of jurisdiction comports with the constitutional doctrine of due process. See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 59-60 (2d Cir. 2012).

To assure that jurisdiction comports with due process, a court must assess "whether a defendant has sufficient minimum contacts with the forum to satisfy the court's exercise of personal jurisdiction over the defendant and whether the assertion of personal jurisdiction over the defendant comports with traditional notions of fair play and substantial justice under the circumstances of the particular case." Johnson v. UBS AG, 791 F. App'x 240, 242 (2d Cir. 2019) (internal marks omitted). "In analyzing the minimum contacts requirement, courts have distinguished between two bases for personal jurisdiction: specific jurisdiction and general jurisdiction." Id. General jurisdiction exists when a "corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum." See Brown v. Lockheed Martin Corp., 814 F.3d 618, 627 (2d Cir. 2016) (quoting Daimler AG v. Bauman, 571 U.S. 117, 139 (2014)). In contrast, "[s]pecific jurisdiction is

available when the cause of action sued upon arises out of the defendant's activities in a state." Id. at 624.

    2.   The Court Defers Determination of Jurisdiction Over Putative Non-New York Class Members' Claims[4]

Apple argues that the Court cannot exercise specific jurisdiction over the claims of the putative Non-New York Class because these claims bear no nexus to Apple's activities in New York.[5] (See MOL at 2.) For an exercise of specific jurisdiction, "[t]here must be an affiliation between the forum and the underlying controversy, principally an activity or an occurrence that takes place in the forum state and is therefore subject to the State's regulation." Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1025 (2021).

In determining whether to assert specific jurisdiction over a nonresident defendant, courts consider three factors: (1) "the defendant must have purposefully availed itself of the privileges of conducting activities within the forum State or have purposefully directed its conduct into the forum State"; (2) "the plaintiff's claims must arise out of or

---

[4] Apple does not challenge this Court's jurisdiction over Vivar's or the putative New York Class members' claims.

[5] Vivar does not, and could not, allege that the Court has general jurisdiction over Apple, a corporation incorporated and headquartered in California. See Brown v. Lockheed Martin Corp., 814 F.3d 619, 629 (2d Cir. 2016) ("[W]hen a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case'" in which general jurisdiction may be asserted.)

relate to the defendant's forum conduct"; and (3) "the exercise of jurisdiction must be reasonable under the circumstances." U.S. Bank N.A. v. Bank of Am. N.A., 916 F.3d 143, 150 (2d Cir. 2019) (quoting Bristol-Myers Squibb Co. v. Superior Ct. of Cal., 137 S. Ct. 1773, 1785-86 (2017)). When there is no connection between the forum and the underlying controversy, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." Bristol-Myers, 137 S. Ct. at 1776.

Although there has been some debate about whether Bristol-Myers applies to class actions, the Court has followed the "overwhelming majority of federal courts [that] have held that Bristol-Myers applies to claims brought by *named* plaintiffs in class actions." Pittman v. Chick-fil-A, Inc., No. 21 Civ. 8041, 2022 WL 2967586, at *3 (S.D.N.Y. July 27, 2022) (quoting Lugones, 440 F. Supp. 3d at 235-36) (emphasis added). For *potential* plaintiffs, however, courts in this District have determined, and this Court agrees, "it is wiser to . . . defer any assessment of whether there is specific jurisdiction over the claims of putative non-New York class members until the class certification stage." Lugones, 440 F. Supp. 3d at 236 (collecting cases); see also Simon v. Ultimate Fitness Grp., LLC, No. 19 Civ. 890, 2019 WL 4382204, at *4 (S.D.N.Y. Aug, 19, 2019) (deciding that out of

the three approaches courts have taken in applying Bristol-Meyers to nationwide class actions, it is most appropriate to defer questions of jurisdiction over class claims until class certification); Bassaw v. United Indus. Corp., 482 F. Supp. 3d 80, 86 (S.D.N.Y. 2020) ("Absent a motion for class certification, the Court need not resolve whether it also has personal jurisdiction over the claims of putative class members outside of New York").[6]

Because these potential out-of-state plaintiffs may never be joined in this action, and Vivar has not yet stated a claim, see Section B.1 below, the Court need not assess personal jurisdiction over the Non-New York Class members' claims unless and until Vivar files an amended complaint. Apple's motion to dismiss the claims of the putative Non-New York Class on jurisdictional grounds is therefore denied without prejudice subject to renewal in response to any amended complaint.

---

[6] The Court is unpersuaded by Apple's argument that the putative classes in Lugones and Simon can or should be distinguished from the Non-New York Class here. Further, in contrast to Smith v. Apple, Inc., here there is no named non-forum state plaintiff asserting claims on behalf of a putative out-of-state class -- so far there is only Vivar. Cf. No. 21 Civ. 3657, 2022 WL 313874, at *4 (S.D.N.Y. Feb. 2, 2022) (dismissing "[a]ll claims brought by Tucker, including those brought on behalf of the putative South Carolina class," because of a failure to plead a nexus between Tucker's claims on behalf of the class and Apple's contacts with New York).

B.   <u>MOTION TO DISMISS UNDER RULE 12(b)(6)</u>

    1.   <u>Legal Standard</u>

Apple also moves to dismiss the Complaint pursuant to Rule 12(b)(6) on the basis that Vivar has failed to allege sufficient facts to support any of the ten counts.[7]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> A complaint should be dismissed if the plaintiff has not offered factual allegations sufficient to render the claims facially plausible. <u>See</u> <u>id.</u> However, a court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

In resolving a motion to dismiss, the Court's task is "to assess the legal feasibility of the complaint, not to

---

[7] In accordance with the decision to defer a determination of whether this Court may exercise jurisdiction over the Non-New York Class, the only relevant claims for the Rule 12(b)(6) analysis belong to Vivar and the putative New York Class.

assay the weight of the evidence which might be offered in support thereof." <u>In re Initial Pub. Offering Sec. Litig.</u>, 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) (internal marks omitted), <u>aff'd</u> <u>sub</u> <u>nom.</u> <u>Tenney v. Credit Suisse First Boston Corp.</u>, No. 05 Civ. 3430, 2006 WL 1423785 (2d Cir. May 19, 2006). In this context, courts must draw reasonable inferences in favor of the nonmoving party. <u>See</u> <u>Chambers v. TimeWarner, Inc.</u>, 282 F.3d 147, 152 (2d Cir. 2002). Although courts accept factual allegations in the complaint as true at this stage, this requirement does not extend to legal conclusions. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678.

> 2.   <u>Vivar's Claims Are Not Actionable</u>

Vivar brings ten causes of action on behalf of himself and the putative New York Class, all of which are premised on the same contention: Apple's representations about Powerbeats' battery life are materially misleading. Thus, if Apple's alleged statements do not misrepresent the product, Vivar's claims must be dismissed for failing to state a claim upon which relief may be granted.

"It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." <u>Fink v. Time Warner Cable</u>, 714 F.3d 739, 741 (2d Cir. 2013). Determining whether a product label or advertisement is misleading is an

"objective" test, and thus liability is "limited to those [representations] likely to mislead a reasonable consumer acting reasonably under the circumstances." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 647 N.E.2d 741, 745 (N.Y. 1995); see also Fink, 714 F.3d at 741.

The Complaint asserts that the following representations by Apple are deceptive to the reasonable consumer: "each earbud has up to 9 hours of listening time" and "24 hours with charging case," and "5-minute Fast Fuel charging gives 1.5 hours of playback when the battery is low." (Compl. ¶ 5) These statements are purportedly deceptive because "users experience battery draining and charging issues" from the earbuds "not consistently charg[ing]" or "quickly dissipat[ing] its charge." (Id. ¶¶ 6-7.) The Complaint goes on to speculate as to why the charging issues exist. (See id. ¶¶ 8-24.)

While it would seem from the pleadings that Vivar's argument is such that Apple misrepresents the product's capability of holding a charge "up to" a certain number of hours -- since these are Apple's claims in the advertisements Vivar included in the Complaint -- through briefing on this Motion Vivar notified the Court that his claims are not based

on Apple's "up to" representations,[8] but rather Apple's statements that Powerbeats would be "defect-free" and "charge equally and consistently." (Dkt. No. 11-2 at 2; see Compl. ¶¶ 92-93.) Vivar would not have purchased Powerbeats if he knew either of these "representations" were false.

The problem with Vivar's argument is that the Complaint does not contain any facts to substantiate that Apple ever made these representations. The Complaint includes advertisements from Apple stating that "each earbud has up to 9 hours of listening time" (Compl. ¶ 5), Powerbeats are "powered by the Apple H1 Chip" (id. ¶ 2), and the earbuds have "dual audio controls" (id. ¶ 3). However, Vivar does not include the allegedly deceptive advertisement upon which he bases this suit, nor does he provide any other facts to substantiate that Apple "conveyed in writing and promised [Powerbeats] would be defect-free" and made "representations affirm[ing] and promis[ing] that the Product . . . would

---

[8] The Court notes, and Vivar acknowledges (see Dkt. No. 11-2 at 1), that courts in this District have often held that "up to" representations are not actionable as false and misleading representations. See, e.g., Fink, 714 F.3d at 742 n.3 (finding "up to" claim concerning internet speed could not support claims on motion to dismiss because "'up to' would 'lead a reasonable consumer to expect that speeds could be less than the advertised '3x faster' and '100x faster' speeds."(quoting and affirming Fink v. Time Warner Cable, 837 F. Supp. 2d 279, 283-84 (S.D.N.Y. 2011))); Turk v. Rubbermaid Inc., No. 21 Civ. 270, 2022 WL 836894, at *7 (S.D.N.Y. Mar. 21, 2022) ("The Court fails to understand how a reasonable consumer could interpret these [up to] statements to mean that the Products would always retain ice for a full five days.").

maintain its charge equally and consistently." (Id. ¶¶ 92-93).

These claims lack the facial plausibility necessary at this stage because Vivar has not provided the "writing" or marketing materials containing these alleged representations. (Id. ¶ 93.) "The primary evidence in a consumer-fraud case arising out of allegedly false advertising is, of course, the advertising itself." Fink, 714 F.3d at 742 ("[E]asily conclud[ing]" that dismissal was appropriate where plaintiffs failed to produce advertisement because plaintiffs "should not need discovery" to support a lawsuit they brought "based upon the *specific* text of a *specific* advertisement.") The advertisement is so crucial because, to determine whether a reasonable consumer would have been misled, the Court must know the context of the representations -- "under certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a claim of deception." Id.; see also Mantikas v. Kellogg Co., 910 F.3d 633, 636 (2d Cir. 2018) (same); McVetty v. Tomtom N. Am., Inc., No. 19 Civ. 4908, 2022 WL 2789760, at *4 (S.D.N.Y. July 15, 2022) (granting motion to dismiss where complaint failed to provide "entire context" of the label on which plaintiff relied to purchase the product). Further, "[a] plaintiff who alleges that he was deceived by an advertisement may not misquote or

15

misleadingly excerpt the language of the advertisement in his pleadings and expect his action to survive a motion to dismiss or, indeed, to escape admonishment." Id.

As the Complaint currently stands, the Court cannot determine whether Vivar misquoted or misleadingly excerpted Apple's language, or even where this alleged language exists. Accordingly, the pleadings fail to persuade the Court that Apple has made false or misleading representations as to its Powerbeats product. Pursuant to Rule 12(b)(6), and without prejudice to renewal, the Court dismisses the Complaint in its entirety.

### III.   ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Dkt. No. 14) of defendant Apple, Inc. ("Apple") is GRANTED pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the complaint in this action (Dkt. No. 1) is dismissed without prejudice. Alejandro Vivar ("Vivar") is granted leave to file an amended complaint no later than October 14, 2022. Apple's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction is denied at this time without prejudice to raising a similar jurisdictional argument in response to any amended complaint filed by Vivar.

**SO ORDERED.**

Dated:      September 12, 2022
            New York, New York


                                        _____
                                        Victor Marrero
                                            U.S.D.J.