```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/5/2023
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALEJANDRO VIVAR, individually and on behalf of all others similarly situated,

                Plaintiffs,

    - against -

APPLE INC.,

                Defendant.

**22 Civ. 0347 (VM)**

**DECISION AND ORDER**

---

**VICTOR MARRERO, United States District Judge.**

Plaintiff Alejandro Vivar ("Vivar"), on behalf of himself and all others similarly situated (together with Vivar, "Plaintiffs"), brings this action against Apple Inc. ("Apple"), alleging that Apple's representations about the battery life of one of its products, Powerbeats Pro wireless headphones ("Powerbeats"), are materially misleading. (See "Amended Complaint," Dkt. No. 22.)

Vivar asserts seven causes of action on behalf of Plaintiffs: (1) violation of New York General Business Law ("NY GBL") Section 349; (2) violation of NY GBL Section 350; (3) violation of the consumer fraud acts of the states in which the remaining Plaintiffs reside, specifically Michigan, Montana, Rhode Island, Georgia, North Dakota, South Dakota, and Oklahoma (the "Non-New York Class"); (4) breach of express

warranty; (5) breach of implied warranty of merchantability; (6) violation of the Magnuson Moss Warranty Act, 15 U.S.C. Sections 2301, *et seq.*; and (7) unjust enrichment.

Now before the Court is Apple's motion to dismiss the Amended Complaint in its entirety pursuant to Rules 12(b)(6) and 12(b)(2) of the Federal Rules of Civil Procedure.[1] (See "Memorandum and Motion" or "Motion," Dkt. No. 23-1.) For the reasons stated below, Apple's Motion is **GRANTED** with prejudice to leave to amend.

## I. BACKGROUND

The background of this case was previously set forth in the Court's September 12, 2022 Decision and Order (the "September 12 Order", Dkt. No. 21), which dismissed Vivar's original complaint (see "Original Complaint," Dkt. No. 1) without prejudice to leave to amend. The Court held that the Original Complaint's claims that Apple misrepresented that the Powerbeats would be "defect-free" and "charge equally and consistently" failed because the Original Complaint did not contain any facts to substantiate that Apple had made such representations. (See September 12 Order at 14-16.)

---

[1] Vivar's request for injunctive relief in the Amended Complaint was made in error and so the Court need not address Apple's corresponding Rule 12(b)(1) argument. (See "Opposition," Dkt. No. 23-2, at 1 n.1; Memorandum and Motion at 3.)

2

Following the issuance of the September 12 Order, Vivar filed the Amended Complaint, adding the advertisement below, which allegedly contains the misrepresentations Vivar relied upon regarding the Powerbeats' battery life. The Amended Complaint otherwise made minimal alterations to the Original Complaint.



(Amended Complaint ¶ 2.)

The parties then exchanged pre-motion letters in anticipation of Apple moving to dismiss the Amended Complaint, and the parties consented to the Court deeming Apple's motion to dismiss as fully briefed and submitted based on the parties' respective pre-motion letters. (See Dkt. Nos. 23, 23-1, 23-2, 26.)

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

3

to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, a complaint should not be dismissed when the factual allegations sufficiently "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In resolving a Rule 12(b)(6) motion, the Court's task is "to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." In re Initial Pub. Offering Sec. Litig., 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) (internal quotation marks omitted), aff'd sub nom. Tenney v. Credit Suisse First Boston Corp., No. 05 Civ. 3430, 2006 WL 1423785 (2d Cir. May 19, 2006); accord In re MF Glob. Holdings Ltd. Sec. Litig., 982 F. Supp. 2d 277, 302 (S.D.N.Y. 2013). In this context, the Court must construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). The requirement that a court accept the factual

allegations in the complaint as true does not, however, extend to legal conclusions. See Iqbal, 556 U.S. at 678.

A district court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Leonard F. v. Israel Disc. Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted).

### III. DISCUSSION

A. THE GENERAL BUSINESS LAW CLAIMS

As the Court previously observed in its September 12 Order, "[i]t is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." Fink v. Time Warner Cable, 714 F.3d 739, 741 (2d Cir. 2013). Determining whether a product label or advertisement is misleading is an "objective" test, and thus liability is "limited to those [representations] likely to mislead a reasonable consumer acting reasonably under the circumstances." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 647 N.E.2d 741, 745 (N.Y. 1995); see also Fink, 714 F.3d at 741.

As an initial matter, as was the case with the Original Complaint, the Amended Complaint entirely fails to

5

"substantiate that Apple conveyed in writing and promised Powerbeats would be defect-free and made representations affirming and promising that the Product would maintain its charge equally and consistently." (September 12 Order at 14-15 (alterations and internal quotation marks omitted).)[2] Thus, Vivar's claims under NY GBL Sections 349 and 350 fail because Vivar has not identified either the supposed "deceptive acts or practices" or the "false advertising." See McVetty v. Tomtom North America, Inc., No. 19 Civ. 4908, 2022 WL 2789760, at *3-4 (S.D.N.Y. July 15, 2022) (describing the elements of NY GBL Sections 349 and 350).

Accordingly, for the reasons stated above, Apple's Motion to dismiss Vivar's GBL Section 349 and 350 claims is **GRANTED**.

B.  THE NON-NEW YORK CLASS CLAIMS

In light of Vivar's failure to provide a copy of the allegedly misleading advertisements, Apple's Motion to

---

[2] As the Court noted in its September 12 Order, though the Court could arguably read the pleadings to mean that the crux of Vivar's claims is that Apple misrepresented the Powerbeats' capability of holding a charge "up to" a certain number of hours, Vivar previously notified the Court in his opposition to Apple's motion to dismiss the Original Complaint that his claims were not simply based on Apple's "up to" representations, but instead on Apple's representations that the Powerbeats would be "defect free" and "charge equally and consistently." (September 12 Order at 13-14; Dkt. No. 11-2, at 2 (stating that "the Complaint is based on the defective design and manufacture of the Product's case," and "Defendant 'promised [the Product] would be defect-free'" (alterations in original)).)

6

dismiss the Non-New York Class claims, which are also premised on the allegedly misleading advertisements, is **GRANTED**.

C. THE EXPRESS WARRANTY, IMPLIED WARRANTY, AND MAGNUSON-MOSS WARRANTY ACT CLAIMS

Similarly, Vivar's claim for breach of express warranty fails because Vivar has not identified the "affirmation of fact or promise made by the seller to the buyer which relates to the goods and bec[ame] part of the basis of the bargain" or a "description of the goods" that has been breached, which is required to state a claim for breach of express warranty under New York Uniform Commercial Code Section 2-313(1).

Vivar's claim for breach of express warranty, as well as his implied warranty claim, fails for the separate and independent reason that Vivar has not plausibly alleged that he provided Apple with pre-suit notice for breach of warranty, as required by New York Uniform Commercial Code Section 2-607(3)(a). See Gordon v. Target Corporation, No. 20 Civ. 9589, 2022 WL 836773, at *14 (S.D.N.Y. Mar. 18, 2022) (explaining pre-suit notice requirements under New York Uniform Commercial Code Section 2-607(3)(a)); Campbell v. Whole Foods Market Grp., Inc., 516 F. Supp. 3d 370, 391-92 (S.D.N.Y. 2021) (discussing and dismissing express and implied warranty claims for failure to provide pre-suit notice).

The Court rejects Vivar's sweeping argument that the pre-suit notice requirement for an express warranty claim has "long been jettisoned in New York state for retail consumers." (Opposition at 2 (quoting Gavilanes v. Gerber Prods. Co., No. 20 Civ. 5558, 2021 WL 5052896, at *7 (E.D.N.Y. Nov. 1, 2023)).) At most, a minority of courts have recognized an exception to the pre-suit notice requirement where the product is for human consumption and caused physical injury. See Wheeler v. Topps Company, Inc., No. 22 Civ. 2264, 2023 WL 405015, at *5 (S.D.N.Y. Jan. 25, 2023) (analyzing the history of the exception, noting its role as a minority view, and collecting cases declining to apply it). Vivar has claimed no such injury, so his reliance on any such exception is misplaced and ineffectual. Further, the vague and conclusory notice allegations in the Amended Complaint are insufficient to avoid dismissal of the express or implied warranty claims because they do not allege that Vivar actually provided notice as required under New York law. (See Amended Complaint ¶¶ 91-93.) See, e.g., Gordon, 2022 WL 836773, at *14 (finding that similar language failed to sufficiently allege that defendant was provided pre-suit notice as required by New York Uniform Commercial Code Section 2-607(3)(a)).

Vivar's implied warranty claim also fails because Vivar lacks privity with Apple. See Turk v. Rubbermaid Incorporated, No. 21 Civ. 0270, 2022 WL 836894, at *10-11 (S.D.N.Y. Mar. 21, 2022) (discussing the privity requirement for implied warranty claims and dismissing implied warranty claim for lack of privity). As alleged in the Amended Complaint, Vivar purchased the Powerbeats from Best Buy, not directly from Apple. (See Amended Complaint ¶ 49.) As such, no privity exists between Vivar and Apple, and Vivar's argument to the contrary[3] is meritless. (See Opposition at 3.)

Consequently, Vivar's claim for violation of the Magnuson Moss Warranty Act likewise fails because such a claim requires a plaintiff to have adequately pled a cause of action for breach of written or implied warranty under state law, which Vivar has failed to do here. See 15 U.S.C. §2310(d)(1) (limiting civil actions under the Magnuson Moss Warranty Act to "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty,

---

[3] Vivar argues that "in a 'world of advertising' and 'mass communications media,' 'it is highly unrealistic to limit a purchaser's protection to warranties made directly to him by his immediate seller.'" (Opposition at 3.) Vivar provides no support for this position or a source for his quotations.

implied warranty, or service contract"); see also Wheeler, 2023 WL 405015, at *5 (dismissing Magnuson Moss Warranty Act claim for failure to plead a breach of warranty claim under state law).

Accordingly, for the reasons stated above, Apple's Motion to dismiss Vivar's express warranty, implied warranty claim, and Magnuson Moss Warranty Act claim is **GRANTED**.

D.   THE UNJUST ENRICHMENT CLAIM

In New York, an unjust enrichment claim "require[s] proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004). Thus, unjust enrichment "lies as a quasi-contract claim" that "contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties." Georgia Malone & Co. v. Rieder, 973 N.E.2d 743, 746 (N.Y. 2012) (internal quotation marks and citations omitted). An unjust enrichment claim is "available only in unusual circumstances when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the

plaintiff." Corsello v. Verizon N.Y., Inc., 967 N.E.2d 1177, 1185 (N.Y. 2012). Thus, an "unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." Id.

Vivar's claim for unjust enrichment fails for just that reason: it simply duplicates Vivar's conventional claims for breach of warranty and deceptive practices, i.e., contract and tort. Vivar's unjust enrichment claim is premised on the same factual allegations supporting his other claims, and he has not alleged distinct damages. See NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 175 (2d Cir. 2008) (explaining how under New York law "[t]wo claims are duplicative of one another if they arise from the same facts and do not allege distinct damages"); see also Gordon, 2022 WL 836773, at *18 (collecting cases dismissing unjust enrichment claims as duplicative). Though Vivar is correct that Federal Rule of Civil Procedure 8(e)(2) allows a party to "plead two or more statements of a claim, even within the same count, regardless of consistency," it does not preclude dismissal of unjust enrichment claims that "simply duplicate[], or replace[], a conventional contract or tort claim." (See Opposition at 3 (citing Henry v. Daytop Village, Inc., 42 F.3d 89, 95 (2d Cir. 1994))); Corsello, 967 N.E.2d

11

at 1185. Indeed, the Amended Complaint does not plausibly allege an "unusual situation" where "defendant has not breached a contract nor committed a recognized tort," but has nonetheless created "an equitable obligation running from the defendant to the plaintiff." Corsello, 967 N.E.2d at 1185. The allegations specific to Vivar's unjust enrichment claim in the Amended Complaint underscore that this claim has been pled as a catchall, albeit one that fails to catch anything: "Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits." (Amended Complaint ¶ 98.) No claim for unjust enrichment has been stated.

Accordingly, for the reasons stated above, Apple's Motion to dismiss Vivar's unjust enrichment claim is **GRANTED**.

E.   LEAVE TO AMEND

Though Federal Rule of Civil Procedure 15(a) provides that a court should freely grant leave to amend when justice so requires, leave may be denied "for good reason, including futility." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Here, the Court's September 12 Order provided Vivar

with a simple and clear mandate of how to amend the Original Complaint in order to support Vivar's GBL Section 349, GBL Section 350, and express warranty claims: Apple's alleged misrepresentations that the Powerbeats would be defect free and would keep its charge equally and consistently. (See September 12 Order at 14-15.)

Even with this clear mandate, the advertisement added in the Amended Complaint contained no such representations, and the Amended Complaint did not otherwise plausibly identify another source of the alleged representations.[4] Vivar has failed to provide a copy of these representations despite having alleged that they were "conveyed in writing" and that he relied on them. (Amended Complaint ¶ 86.) The Court thus finds that granting Vivar leave to further amend the claims reliant on these alleged representations, specifically the GBL Section 349, GBL Section 350, and express warranty claims, would be futile.

Moreover, granting Vivar leave to amend his implied warranty claim would be futile because Vivar has already made

---

[4] The advertisement also may be incomplete. (Compare Amended Complaint ¶ 2 with Memorandum and Motion Ex. A.) Because dismissal of Vivar's claims is warranted on other grounds, the Court need not address the effect of the disclaimer language missing from the copy of the advertisement presented in the Amended Complaint. The Court previously explained the importance of presenting the advertisement at issue, and a complete copy at that. (See September 12 Order at 15-16.)

13

clear that any privity that exists regarding his purchase of the Powerbeats lies with Best Buy and not with Apple. (Id. ¶ 49.) Providing an opportunity to amend will not alter this fact.

Lastly, the Court finds that granting Vivar leave to amend his unjust enrichment claim would be futile given that Vivar cannot identify the representations that the Powerbeats allegedly failed to live up to, such that "equity and good conscience" would deem Apple to have been unjustly enriched. Corsello, 967 N.E.2d at 1185.

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Dkt. No. 23-1) filed by defendant Apple Inc. to dismiss the amended complaint (Dkt. No. 22), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is **GRANTED** with prejudice to leave to amend. The Clerk of Court is respectfully directed to close this case and terminate any pending motions.

**SO ORDERED.**

Dated:    New York, New York
          6 June 2023

_____
                          Victor Marrero
                             U.S.D.J.